[Cite as *State v. Peterson*, 2016-Ohio-307.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee | : | |
| | : | No. 15AP-577 |
| v. | : | (C.P.C. No. 14CR-187) |
| George J. Peterson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant | : | |

_____

D E C I S I O N

Rendered on January 28, 2016

_____

*Ron O'Brien,* Prosecuting Attorney, and *Laura Swisher*, for appellee.

*Todd Barstow*, for appellant.

_____

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} George J. Peterson is appealing from his convictions on charges of improper handling of a firearm in a motor vehicle and of having a weapon under disability. He assigns a single error for our consideration:

> THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTON TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF IMPROPER HANDLING OF FIREARM IN A MOTOR VEHICLE AND HAVING WEAPON UNDER DISABILITY AS THOSE VERDICTS WERE NOT SUPPORTED BY

SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE
MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 2} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

{¶ 3} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. *Thompkins* at 387. In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.* (quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983)); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995). Reversing a conviction as being against the manifest weight of the evidence

should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387.

{¶ 4}   As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996).   It was within the province of the jury to make the credibility decisions in this case.   *See State v. Lakes* 120 Ohio App. 213, 217 (4th Dist.1964), ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.")

{¶ 5}   *See State v. Harris*, 73 Ohio App.3d 57, 63 (10th Dist.1991), (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 6}   Applying the legal standards to the facts in this case, we overrule the assignment of error.

{¶ 7}   Peterson was a passenger in a motor vehicle which was pulled over for having improperly functioning taillights.   The driver and the owner of the vehicle, Roland Adams, Jr., had a suspended operator's license.

{¶ 8}   The police officers involved removed Peterson, Adams, and Adams' wife from the vehicle.   At the jury trial on the charges, one of the officers testified that he felt he had seen Peterson place something under his seat, which was the front passenger seat. After the occupants had been removed from the vehicle, the officers found a loaded firearm on the floor of the vehicle.   Subsequent DNA testing indicated that Peterson could have touched the firearm.

{¶ 9}   Roland Adams, Jr. testified that neither he nor his wife owned a firearm, including this specific firearm.  The DNA testing indicates 1 in 66 individuals could have provided the DNA found in swabs from the firearm and the clip in the firearm.

{¶ 10} The DNA evidence in this case is not strong or particularly helpful. However, it does not prove that Peterson did not touch the weapon or its clip.  The DNA evidence indicates that hundreds of thousands of people in Central Ohio could have touched the firearm.

{¶ 11} The verdicts in all likelihood rested upon the facts that Peterson was the front seat passenger and the firearm was under the seat with the barrel of the firearm facing toward the rear of the vehicle, which would be consistent with Peterson placing the firearm under the seat as the police officers approached the vehicle.  Again, one of the officers testified that Peterson had bent forward as police approached the vehicle and that Peterson seemed to be placing something under the seat.  This testimony was combined with the testimony from Roland Adams, Jr. that neither Adams nor his wife owned any firearm.  Thus, the verdict was consistent with the manifest weight of the evidence and supported by sufficient evidence.

{¶ 12} The sole assignment of error is overruled.  The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

_____